APN #: 

Investor Loan #:

**After Recording Return To:**
CitiMortgage, Inc.
1000 Technology Drive, MS 420R
O'Fallon, MO 63368-2240
Doc Prep/Booking & Closing

**This document was prepared by:** Geetanjali Mahant
On behalf of:
CitiMortgage, Inc.
1000 Technology Drive
O'Fallon, MO 63368

_____[Space Above This Line For Recording Data]_____

**Original Principal Amount:** $ 185,491.00
**Unpaid Principal Amount:** $ 244,983.65
**New Principal Amount:** $ 194,601.50
**New Money(CAP):** $ 9,110.5

## LOAN MODIFICATION AGREEMENT
(PROVIDING FOR FIXED INTEREST RATE/CAPITALIZATION)

This Loan Modification Agreement ("Modification Agreement"), made May 5, 2015, between MIGUEL A FERNANDEZ, A MARRIED MAN ("Borrower") residing at 5600 NW 6TH ST #19, MIAMI, FL 33126 and CitiMortgage, Inc. ("Lender") amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated 05/21/08 and recorded on 06/02/08, Document number 2008R0449160, Book number 26407, Page 4806-4813 in the Official Records of MIAMI-DADE, Florida, and (2) the Note bearing the same date as, and secured by the Security Instrument (the "Note"), which covers the real and personal property described in the Security Instrument and defined therein as (the "Property"), located at 5600 NW 6TH ST #19, MIAMI, FL 33126 the real property described as being set forth as follows:

(SEE ATTACHED LEGAL DESCRIPTION)

In consideration of the mutual promises and agreements exchanged, the parties agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 10/01/15, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $ 244,983.65. The Borrower acknowledges that interest has accrued but has not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses in the total amount of $ 0.00, have been added to the indebtedness under the terms of the Note and Security Instrument and the loan re-amortized over 360 months. When payments resume on 11/01/2015, the New Unpaid Principal Balance will be $ 194,601.50 ("New Unpaid Principal Balance").

2. The Borrower promises to pay the New Unpaid Principal Balance, plus Interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 3.500 % effective 10/01/15 (the "Interest Change Date"). The Borrower promises to make monthly payments of principal and interest of U.S. $ 873.85 (which does not include and amounts required for Insurance and/or Taxes) beginning on 11/01/15 and continuing thereafter on the same date of each succeeding month until principal and interest are paid in full.

If on 10/01/45 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Modification Agreement, the Borrower will pay those amounts in full on the Maturity Date. All other terms stated in the Note remain the same.

3. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument.

If the Lender exercises this option, the Lender shall give the Borrower a Notice of Acceleration. The Notice shall provide a period of not less than 30 days from the date the Notice is delivered or mailed within which the Borrower must pay all sums secured by the Security Instrument. If the Borrower fails to pay these sums prior to the expiration period, the Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on the Borrower.

> (a) That, as of the Modification Effective date (the "Effective Date"), I understand that the Lender will only allow the transfer and assumption of the Loan, including this Modification Agreement to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the loan. Except as noted herein, this Modification Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

4. The Borrower also will comply with all the other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all the payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make the under Security Instrument; however, the following terms and provisions are forever canceled, null, and void, as of the date specified in paragraph No. 1 above:

> (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and,

> (b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, or part of, the Note and Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Nothing in this Modification Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by and comply with, all of the terms and provisions thereof, as amended by this Modification Agreement.

6. It is mutually agreed that the Security Instrument shall constitute a first lien upon the premise and that neither the obligation evidencing the aforesaid indebtedness nor the Security Instrument shall in any way be prejudiced by this Modification Agreement, but said obligation and Security Instrument and all the covenants and agreements thereof and the rights of the parties there under shall remain in full force and effect except as herein expressly modified.

(a) Not withstanding the foregoing, to the extent personal liability has been discharged in bankruptcy with respect to any amount payable under the Note, as modified herein, nothing contained herein shall be construed to impose personal liability to repay any such obligation where any obligations have been so discharged. If any bankruptcy proceeding is pending or completed during a time period related to entering this Modification Agreement. I understand that I enter this Modification Agreement voluntarily and that this Modification Agreement, or actions taken by the Lender in relation to this Modification Agreement, does not constitute a demand for payment or any attempt to collect any such obligation.

7. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Modification Agreement; or (ii) correct the terms and conditions of this Modification Agreement if an error is detected after execution of this Modification Agreement. I understand that a corrected Modification Agreement or a letter Agreement containing the correction will be provided to me for my signature. At Lender's option, this Modification Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected documentation , the terms of the original Note and Security Instrument shall continue in full force and effect, such terms will not be modified by this Modification Agreement.

[n/a] MERS LOAN. If this box is checked, the loan evidenced by the Note and secured by the Security Instrument was assigned to or the Security Instrument was prepared in the name of Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address of 1901 E Voorhees Street Suite C, Danville, IL  61834 or P.O. Box 2026, Flint, MI 48501-2026, and telephone number of (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

EXECUTED effective as of the day and year first above written.

ACCEPTED AND AGREED TO BY -
CitiMortgage, Inc.

By: _____
    Name

_____
Title

_____
Date

BORROWER: _[signature]_
MIGUEL A FERNANDEZ

10/07/2015
Date

_____[Space Below This Line For Acknowledgments] _____

INDIVIDUAL ACKNOWLEDGEMENT

State of Florida
County of MIAMI-DADE

**On this** ____7____ day of __October__, in the year _2015_, before me, the undersigned, personally appeared, MIGUEL A FERNANDEZ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR capacity(ies), and that by HIS/HER/THEIR signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted executed the instrument.

Notary Public _____

My Commission Expires: ____6/24/2017____



YELINA PENA ANAYA
MY COMMISSION #FF030469
EXPIRES June 24, 2017
(407) 398-0153   FloridaNotaryService.com

YELINA PENA ANAYA
MY COMMISSION #FF030469
EXPIRES June 24, 2017
(407) 398-0153   FloridaNotaryService.com

LEGAL DESCRIPTION:

UNIT NO. 19 BUILDING WEST OF THE DIAMOND, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORD BOOK 26308 AT PAGE 3214 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO AND ALL AMENDMENTS THERETO AS SET FORTH IN SAID DECLARATION.